# Freed. *et al. v.* Hopper.

*Bill by Married Woman to Cancel Mortgage Because Given to Secure Husband's Debt.*

(Decided Nov. 29, 1910. 53 South. 1028.)

*Husband and Wife; Mortgage by Wife; Cancellation.*—In order to cancel a mortgage on the wife's property upon the ground that it was given to secure the husband's debt, the evidence of that fact must be clear and convincing, where the mortgage on its face purports to be given to secure the debts of the wife.

Appeal from Jefferson Chancery Court.

Heard before Hon. Alfred R. Benners.

Bill by Elizabeth Hopper against M. M. Freed and others to cancel a mortgage because given to secure the husband's debt. Decree for complainant and respondents appeal. Affirmed.

Stallings & Drennen, for appellant. The burden of proof was on the wife in this case to furnish that clear, satisfactory and convincing evidence requisite where the mortgage purports on its face to secure the debts of the wife.—*Gafford v. Speaker,* 125 Ala. 498; *Hammill v. Mortgage Co.,* 127 Ala. 90; *Lunsford v. Harrison,* 131 Ala. 263; *Farrow v. Cotney,* 45 So. 69. Under the following authorities the mortgage must be held to be valid: *High v. Hoffman,* 129 Ala. 359§ *Watson v. Herrin,* 115 Ala. 271; *A. F. L. M. Co. v. Thornton,* 108 Ala. 258; 127 Ala. 20.

[Freed, et al. v. Hopper.]

A. LEO OBERDORFER, for appellee. After calling attention to the discrepancies in the evidence of the respondent and his witnesses, and to the clear and unambiguous statement of complainant and her husband counsel conclude that the degree of proof requisite has been furnished and that the decree of the chancellor was without error.

DOWDELL, C. J.—This is a bill by a married woman to cancel a mortgage executed by her on her property upon the ground that it was given to secure the debt of her husband. In such cases, where the mortgage purports on its face to be given for the wife's debt, the rule is that the evidence must be clear, satisfactory, and convincing in order to obtain the relief sought.

In this case the question presented for our consideration is one purely of fact. The chancellor, upon final submission on the pleadings and evidence, rendered a decree in favor of complainant, and after careful consideration by us of the evidence we are not prepared to say that the chancellor was wrong, but, on the contrary, that he was right, in his conclusion. The testimony of the complainant and her husband is clear and unequivocal and with apparent sincerity, and has no earmarks or suspicion of insincerity, while so much cannot be said of the respondents' testimony, which is to an extent uncertain, indefinite in recollection, and sometimes evasive. It would be difficult for an impartial mind, upon a careful review and consideration of the whole evidence, to arrive at any other conclusion than that the debt was not the wife's but the husband's and that the form of the mortgage was but a device to evade the statute against the wife's becoming the surety of the husband.

It does not appear that the chancellor ruled upon the objections to the evidence of witnesses on character, or

[Gillespy, et al. v. Hollingsworth, et al.]

that he considered this evidence. But, eliminating all of this evidence upon character from consideration, the concluion reached to our minds would be the same. Our view of the case leads us to concur in the conclusion of the chancellor, and his decree is accordingly affirmed.

Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.